## LAND v. LAND.
### No. 874.

Court of Civil Appeals of Texas. Eastland.
May 29, 1931.

Rehearing Denied June 26, 1931.

J. S. Kendall, of Munday, for appellant.
Williams & Bell, of Childress, for appellee.

HICKMAN, C. J.

Appellee, Mary Gladys Land, is the surviving widow of Russell T. Land, deceased, who by his will made her sole beneficiary of his estate and independent executrix thereof without bond. The probate of the will was contested by appellant, J. J. Land, through the county court and the district court. The contest was unsuccessful, and the judgment admitting the will to probate has become final. Pending the outcome of the contest of the will, F. O. Campbell was appointed temporary administrator. As such administrator he collected $10,000 on life insurance policies payable to the estate of the deceased. He also sold, under order of the probate court, a Ford automobile agency, including parts, accessories, etc. Appellant became the purchaser at the sale for $8,000.00 in cash. After the termination of the unsuccessful contest of the will, appellant filed a written complaint in the probate court in accordance with the provisions of article 3443, R. S. 1925, praying that appellee be required to give a bond as therein provided. The complaint alleged that there was a large indebtedness owing to appellant by the estate of Russell T. Land, deceased. Appellee waived citation on this complaint, and same was set down for hearing on July 7, 1930, but the hearing was by the court, and with the consent of all the parties, set over until July 21, 1930. On that date the application was granted, and appellee ordered to file a bond in the amount of the value of the estate as shown by the inventory and appraisement. The order requiring the filing of the bond did not limit the time within which same should be filed, but the evidence discloses that the county judge gave to appellee ten days within which to file the same. The bond was filed and approved within less than ten days from that date, and, from the order approving same, appellant perfected an appeal to the district court. He also appealed from the order approving the final report of F. O. Campbell as temporary administrator, and directing such administrator to turn over all funds and property in his hands to the appellee. He also appealed from an order of the probate court refusing his application for a grant of letters of administration to him on the estate of Russell T. Land, deceased. All of the matters appealed from were tried as one suit in the district court, and, from a judgment favorable to appellee on each contention, and denying appellant any relief, an appeal has been perfected to this court.

Appellant presents six assignments of error. The first three assignments complain of the action of the court below in approving the bond of appellee. The bond, as above noted, was required under the provisions of article 3443, R. S. 1925, which reads as follows: "When it is provided in a will that no action shall be had in the county court, except to probate and record the will and return an inventory of the estate, any person

having a debt against such estate may, by written complaint filed in the court where such will was probated, cause all the persons entitled to any portion of such estate under the will or as heirs at law to be cited to appear before such court at some regular term and execute an obligation, for an amount equal to the full value of such estate as shown by the inventory and list of claims, such obligation to be payable to the county judge, and to be approved by him, and conditioned that all obligors shall pay all debts that may be established against such estate in the manner provided by law."

There is no contention that the bond furnished by appellee, and which was approved by the probate court, was not in the amount as provided in said article, or that it in any manner failed to comply with the terms and conditions thereof. The complaint seems to be directed more at the inventory and appraisement than at the bond itself. One item in the inventory was an item of $8,000 in cash, which was the proceeds of the sale of the Ford automobile agency by the temporary administrator. The appellee claims that, prior to the death of her husband, he had sold this business to appellant in satisfaction of the indebtedness owing by him to appellant. Appellant claims to be a creditor of the estate, and that the proceeds from the sale of this business should be administered with other assets of the estate. With this difference existing between appellee and appellant, the appellee was unwilling to admit in her inventory that this sum of $8,000 properly belonged to the estate, but the inventory did contain this recital: "There was an automobile business located at Munday in Knox County that the decedent at one time owned, but your Executrix alleges that said business was transferred to J. J. Land about September, 1929; that J. J. Land took possession and control of said business, claiming it as owner and so continued up to the time of the appointment of a temporary administrator of decedent's estate (but J. J. Land denies the same) which business was sold by the temporary administrator for the sum of $8,000.00, but your Executrix has never at any time claimed the said automobile business nor the proceeds of the sale of the same as any part of the estate of Russell T. Land, deceased, and that if the proceeds of said sale is at any time turned over to her she will accept the same and make such bond therefor as the Court may direct and hold it in trust for the true owner, and not as a part of the estate of decedent, until such time as a Court of competent jurisdiction shall determine the true ownership of same. $8,000.00"

This item was appraised by the appraisers at $8,000, and that entered into the total valuation of the estate. The bond was made in an amount equal to the total valuation, including that item. The contention that the reservation made in the inventory renders the bond void, is, to our minds, wholly untenable. The bond is a statutory bond, and the condition thereof was that the obligors would pay all debts that might be established against the estate in the manner provided by law. We do not think there is any irregularity in the inventory and appraisement, but, if so, the obligation of the bond was in no wise affected thereby, and all contentions to the contrary are overruled.

■■ The contention that the bond was not filed in time is without merit. The statutes do not provide any time within which such bonds shall be furnished. Article 3444, R. S., 1925, provides that the bond shall be executed "to the satisfaction of the county judge." No duty whatever devolved upon appellee to file a bond until July 21st, the date the order was entered. In fact, the amount of the bond could not have been determined until that date, because the inventory and appraisement had not been filed theretofore. Appellee resided in Childress county, a distance of approximately 100 miles from the county site of Knox county, and, notwithstanding this fact, executed a bond and had the same presented to the probate judge and approved within less than ten days. The contention that this was not in compliance with the statutes and the orders of the court is not tenable.

The fourth assignment of error complains of the action of the court below in approving the final report of the temporary administrator and directing him to deliver all the property in his hands to the appellee, for the reason that the bond of the appellee was not sufficient. The same contentions were made under this assignment as to the sufficiency of the bond as those above noted, and are overruled for the reasons above stated.

The fifth and sixth assignments complain of the action of the probate court in refusing letters of administration to appellant. These assignments are based alone upon the contention that the bond of appellee was insufficient, and are overruled for the reasons above noted.

No other questions are presented. The record reflects commendable care and diligence on the part of the probate court and the attorneys in administering this estate in compliance with the law.

No error is pointed out, and none appears on the face of the record. The judgment of the trial court will therefore be affirmed.